IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

VELVET PILOT PLAINTIFF

vs. Civil No. 6:26-cv-06010

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION DEFENDANT

**MEMORANDUM OPINION**

Velvet Pilot ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background**

Plaintiff filed her DIB application on July 5, 2023, alleging disabilities due to scoliosis, osteoarthritis in the back, degenerative disc disease, nerve damage, right knee problems, and high blood pressure. (Tr. 58-64).[1] Plaintiff alleged an onset date of June 29, 2023. (Tr. 14). Plaintiff's application was initially denied on August 31, 2023, and upon reconsideration on May 1, 2024. *Id*.

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 5. These references are to the page number of the transcript itself not the ECF page number.

Plaintiff requested an administrative hearing on her denied application, and this hearing was granted. (Tr. 132-171). The hearing was held on December 11, 2024. (Tr. 14). Plaintiff was present and testified at the hearing. *Id*. Plaintiff was represented by Shannon Muse Carroll at the hearing. *Id*. Vocational expert ("VE"), Dianne Smith, as also present and testified at the hearing. *Id*.

The Administrative Law Judge ("ALJ") entered an unfavorable opinion on December 27, 2024. (Tr. 14-20). In this decision, the ALJ determined that Plaintiff had not engaged in substantial gainful activity ("SGA") since her alleged onset date of June 29, 2023. (Tr. 16, Finding 2). The ALJ further determined that Plaintiff had the following severe impairments: degenerative disc disease, scoliosis, and obesity. (Tr. 16, Finding 3). However, the ALJ determined that these impairments did not meet or medically equal the requirements of any of the Listing of Impairment in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 16, Finding 4).

After consideration of the record, the ALJ determined Plaintiff's residual functional capacity ("RFC"). (Tr. 17, Finding 5). The ALJ determined that Plaintiff had the RFC to perform light work sedentary work as defined in 20 CFR § 404.1567(a). *Id*. The ALJ determined Plaintiff could lift and carry ten pounds occasionally and less than ten pounds frequently as well as sit for six hours and walk for two hours in an eight hour workday. *Id*. The limitations the ALJ found included: "can occasionally climb stairs and ramps, stoop, kneel, crouch, crawl, and balance. The claimant cannot climb ladders, ropes, or scaffolds. The claimant would need the use of a cane to ambulate, but he can carry up to 5-10 pounds in the no cane hand." *Id*.

The ALJ then evaluated Plaintiff's past relevant work ("PRW") and determined Plaintiff had PRW as an administrative assistant which, based on her RFC, Plaintiff was still able to perform. (Tr. 20, Finding 6).

On February 4, 2026, Plaintiff filed the instant appeal. ECF No. 1. Plaintiff filed her Appeal Brief on May 6, 2026. ECF No. 8. The SSA filed its Appeal Brief on May 29, 2026. ECF No. 10. Accordingly, the matter is now ready for decision.

**2. <u>Applicable Law</u>**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox*, 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**3. <u>Discussion</u>**

In her Appeal Brief, Plaintiff raises the following arguments for reversal: (1) that the ALJ's RFC determination is in conflict with the relevant evidence and the VE's opinion; and (2) the ALJ improperly discredited Plaintiff's subjective complaints. ECF No. 8.

**A. RFC Determination**

In this matter, the ALJ determined Plaintiff retained the RFC to perform sedentary work as defined in 20 CFR § 404.1567(a). (Tr. 17, Finding 5). Plaintiff argues the ALJ erred as this finding is in conflict with the evidence and testimony of the VE. ECF No. 8, p. 3. Specifically, Plaintiff asserts the ALJ committed error by discrediting the findings of Dr. Hagood, Plaintiff's treating

physician, and Dr. Larey, the independent medical evaluator sent by the SSA. However, substantial evidence supports the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Id.* (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox*, 160 F.3d at 1206. The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.*

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000). Plaintiff points this Court to several Eighth Circuit cases and regulations to assert that the ALJ improperly weighed the testimony of Dr. Hagood as

Plaintiff's treating physician. ECF No. 8. Plaintiff points to the requirements of 20 C.F.R. § 404.1520c(c) and asserts the ALJ failed to properly assess all evidence as it requires. *Id.*

"Under this Regulation, ALJs are to consider all medical opinions equally and evaluate their persuasiveness according to several specific factors – supportability, consistency, the medical source's relationship with the claimant, specialization, and other factors such as the source's understanding of the Social Security Administration's disability policies and their familiarity with other evidence in the claim." *Lewis v. Bisignano*, No. CV 25-5224, 2026 WL 1990448 at *2 (W.D. Ark. July 9, 2026) (citing 20 C.F.R. § 404.1520c(c)). ALJs must "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b). However, these regulations merely present ALJs with the factors they must consider when determining what weight to give each physician's testimony. The regulations do not guide ALJs to find a physician's determination persuasive based on the fact that they are the treating physician. In fact, the regulations call for the ALJ to do the precise opposite, and not "defer or give any specific weight, including controlling weight, to any medical opinion(s)". 20 C.F.R § 404.1520c(a).

Here, the ALJ determined that Dr. Hagood's opinion was unpersuasive and presented reasons to support such a finding. (Tr. 17). The ALJ noted that Dr. Hagood provided no narrative or support for Plaintiff's assessed limitations and that such limitations were inconsistent with Plaintiff's pain being managed by non-steroidal anti-inflammatory medications, rather than narcotics. (Tr. 19). While the ALJ did not delve into Dr. Hagood's reports in great detail, he did provide an assessment of such testimony and opined on its unpersuasive nature as is required by the regulations. *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022). The same could be said for the other medical opinions from the record. The ALJ discussed their findings and ultimately

found them to be unpersuasive. Without substantial evidence from the record to the contrary, an ALJ's finding that a medical opinion is unpersuasive must be upheld unless that finding "f[ell] outside the available zone of choice." *Post v. Bisignano*, No. 25-2081, 2026 WL 2545316 at *2 (8th Cir. Aug. 28, 2026) (citing *Bonham v. Bisignano*, 177 F.4th 934, 942 (8th Cir. 2026) (citation omitted)). In finding otherwise, the Court would be invited to reweigh the evidence in place of the ALJ, which is improper.

**B. PRW Finding**

In conjunction with the inadequate RFC analysis argument, Plaintiff additionally asserts that the testimony of the VE is inconsistent with the ALJ's finding that Plaintiff could continue to perform her PRW. ECF No. 8, p. 12. The VE testified that while Plaintiff would not be able to perform her PRW at the previous medium exertional level, she was able to perform the work at the sedentary level as it would be performed at the national level. *Id*. Such testimony would be consistent with a finding that a plaintiff is still able to perform PRW. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004) ("When asked a hypothetical question approximating Eichelberger's circumstances, the vocational expert testified that Eichelberger should be able to perform her past duties both as she performed them, *and as they were performed on the national scale.*) (emphasis added). An ALJ may determine that a claimant is not disabled when he or she can still perform the actual duties of a past relevant job. *Stephens v. Shalala*, 50 F.3d 538, 542 (8th Cir. 1995). Accordingly, there is substantial evidence in the record to support the ALJ's finding that Plaintiff possessed the RFC to perform sedentary work, which would include her PRW.

### C. Subjective Complaints

Plaintiff additionally asserts that the ALJ failed to consider her subjective complaints in determining her RFC as required under *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). "[S]ubjective complaints may be discounted if there are inconsistencies in the record as a whole." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). A court will defer to an ALJ's credibility finding as long as the "ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so." *Hogan v. Apfel*, 239 F.3d 958, 962 (8th Cir. 2001) (quoting *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990)).

Under *Polaski*, an ALJ "in addition to considering '[t]he absence of an objective medical basis which supports the degree of severity of subjective complaints,' must examine 'the claimant's prior work record and observations of third parties and physicians relating to: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions.'" *Schultz v. Astrue*, 479 F.3d 979 (8th Cir. 2007) (quoting *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006) (citation omitted)).

In his opinion, the ALJ cited to *Polaski* and outlined its requirements before he determined that: (1) Plaintiff could perform various daily activities, including her reported ability to cook for herself, perform household chores, and shop with a shopping cart independently; (2) Plaintiff's pain was controlled with medication; and (3) several doctors found that Plaintiff could sit for upwards of six hours in an eight hour workday and stand for upwards of two hours. (Tr. 17-21).[2]

[2] While Dr. Hagood found Plaintiff had limitations which prevented her from sitting for more than three hours in an eight-hour workday, the ALJ's reasons for discounting Dr. Hagood's opinion has already been discussed in this Memorandum Opinion.

As such, the ALJ adequately, if not expressly, applied the *Polaski* factors and discounted Plaintiff's subjective complaints of pain. *See*, *e.g.*, *Schultz*, 479 F.3d at 983.

**4. <u>Conclusion</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and the decision is **AFFIRMED.**

**ENTERED this 14th day of October 2026.**

/s/ Spencer G. Singleton
Honorable Spencer G. Singleton
United States Magistrate Judge